# 99 DTA 212

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE BAYAMON

JOSE E. GONZALEZ SOTO
Querellante

v.

YIYI MOTORS, INC., ETC.
Querellados

Núm. KLRA-98-00707

San Juan, Puerto Rico, a 30 de junio de 1999

Panel integrado por su Presidente, el Juez Gierbolini,
la Juez Hernández Torres y el Juez Cordero

## TEXTO COMPLETO DE LA SENTENCIA

El 30 de noviembre de 1998, Yiyi Motors, Inc. (en adelante Yiyi) compareció ante nos mediante Solicitud de Revisión Administrativa y solicitó la revocación de la Resolución emitida y notificada el 28 de octubre de 1998 por el Departamento de Asuntos del Consumidor (en adelante DACO). En dicha resolución, DACO declaró Con Lugar la Querella sobre práctica engañosa e incumplimiento de contrato presentada por el Sr. José E. González Soto (en adelante González) contra Yiyi y Citibank, N.A. (en adelante Citibank). Por los fundamentos que expondremos, EXPEDIMOS el Recurso solicitado y CONFIRMAMOS la Resolución recurrida.

I

El 2 de octubre de 1996, González y su esposa acudieron a Yiyi para comprar un vehículo de motor. Luego de examinar varios modelos del lote de Yiyi, González informó al Sr. Daniel Soto Pagán (en adelante Soto), vendedor de Yiyi, que compraría una guagua Nissan Pathfinder del año 1997 si Yiyi aceptaba como *"trade-in"* su vehículo Toyota Pick-Up del año 1987. Luego de examinar el vehículo de González, Soto ofreció a éste un crédito de $6,000.00 por concepto de *"trade-in"*. González estuvo de acuerdo con la suma ofrecida por Soto e informó a éste que compraría la guagua Nissan Pathfinder del año 1997 por el precio de $24,500.00. Soto preparó todos los documentos pertinentes a la venta y, como González era el último cliente del día, Soto pidió a González que firmara todos los documentos y éste procedió a firmarlos sin haberlos leído y examinado.

Al llegar a su casa y leer los documentos firmados en Yiyi, González observó que Soto sólo había acreditado $1,505.00 por concepto de *"trade-in"* en vez de los $6,000.00 ofrecidos. El día siguiente, González acudió a Yiyi y reclamó a Soto que honrara los $6,000.00 ofrecidos por el *"trade-in"*. Sin embargo, ni Soto ni Yiyi

honraron los $6,000.00 ofrecidos por el *"trade-in"* de González.

Así las cosas, el 4 de octubre de 1996 González acudió a DACO y presentó la querella número QB-97-684 sobre práctica engañosa e incumplimiento de contrato contra Yiyi Motors y Citibank. En la referida querella, González alegó que no estaba de acuerdo con la suma de $1,505.00 que Yiyi había acreditado por concepto de *"trade-in"*, ya que Yiyi había ofrecido acreditar $6,000.00 y el valor del vehículo dado en *"trade-in"* era mayor de $6,000.00. En consecuencia, González solicitó que DACO ordenara a Yiyi honrar la suma de $6,000.00 ofrecida por el *"trade-in"*.

El 18 de octubre de 1996, DACO informó a Yiyi que González había presentado una querella en su contra y concedió a Yiyi un término de 10 días para contestar la misma. El 23 de enero de 1997, el Investigador de DACO rindió el Informe de Investigación y DACO informó a ambas partes que la querella había sido referida a la Secretaría de Asuntos Legales para la celebración de la correspondiente vista administrativa. El 8 de julio de 1998, DACO notificó que el 4 de agosto de 1998 celebraría vista administrativa y citó a las partes a la misma.

El 4 de agosto de 1998 DACO celebró la vista administrativa pautada. En la misma, tanto González como Yiyi presentaron prueba a su favor. Luego de evaluar el expediente ante sí, así como los testimonios vertidos en la vista administrativa, el 28 de octubre de 1998 DACO emitió resolución, declaró con lugar la querella contra Yiyi y desestimó la querella contra Citibank. En la resolución emitida, DACO concluyó que Yiyi había incumplido la obligación de acreditar a González la suma de $6,000.00 por concepto de *"trade-in"* y que Soto había modificado unilateralmente la oferta relacionada al *"trade-in"*. Por lo tanto, DACO ordenó a Yiyi indemnizar a González con la suma de $4,495.00 correspondiente a la diferencia entre los $6,000.00 ofrecidos y los $1,505.00 acreditados por concepto de *"trade-in"*.

El 9 de noviembre de 1998, Yiyi presentó moción de reconsideración y solicitó que DACO reconsiderara y revocara la resolución emitida y notificada el 28 de octubre de 1998. En la solicitud de reconsideración, Yiyi alegó que DACO había errado al asignar al vehículo dado en *"trade-in"* un valor de $6,000.00 sin que un perito y/o funcionario de DACO evaluara e inspeccionara el mismo, que DACO había errado al considerar que la intención de los contratantes no era la establecida en los contratos suscritos y que DACO había errado al ordenar la devolución de $4,495.00 a González.

Así las cosas, el 30 de noviembre de 1998 Yiyi Motors acudió ante nos mediante solicitud de revisión administrativa y solicitó la revocación de la resolución recurrida. En dicho escrito, Yiyi alegó que DACO cometió los siguientes errores:

*"a. Erró el Departamento al valorar la Toyota Pick Up, modelo 1987, tablilla 508-798, en $6,000.00, cuando del expediente no surge una inspección, ni tasación de dicho vehículo usado, el cual tenía más de 10 años de uso.*

*b. Erró el Departamento al concluir que el Sr. José E. González Soto y su esposa Benigna Santiago Curet, firmaron el contrato de compraventa, sin leerlo.*

*c. Erró el Departamento en ordenar el pago de $4,495.00, más el interés legal."*

Además, Yiyi alegó que el testimonio de González no era suficiente para que DACO concluyera cuál era el valor del vehículo dado en *"trade-in"* y que *"cuando se firma un documento, queda uno obligado a lo que firmó y no es una defensa válida alegar que se firmó sin leer"*.

El 5 de febrero de 1999, notificada el 12 de febrero de 1999, emitimos resolución interlocutoria y concedimos a DACO un término de 30 días para expresar su posición respecto los méritos de la revisión administrativa solicitada por Yiyi. El 27 de mayo de 1999, DACO presentó su oposición a la revisión administrativa solicitada por Yiyi. En la misma, DACO alegó que la prueba presentada en la vista administrativa demostró que Soto había ofrecido a González $6,000.00 por concepto de *"trade-in"*, que Yiyi no había ofrecido prueba que refutara el testimonio de González y que Yiyi venía obligada a sostener en los documentos suscritos por González la misma oferta negociada previo a la compraventa.

Al estar perfeccionado el recurso ante nuestra consideración, procedemos a resolver.

## II

Los tribunales apelativos, en su función revisora, deben ser cautelosos al intervenir con las determinaciones administrativas de los foros especializados, ya que las conclusiones e interpretaciones de los organismos administrativos merecen gran consideración y respeto por los tribunales en la etapa de revisión judicial, *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692, 699 (1975); *Viajes Gallardo v. Clavell,* 131 D.P.R. 275, 289-290 (1992); *Metropolitana, S.E. v. Administración de Reglamentos y Permisos,* ___ D.P.R. ___ (1995), **95 J.T.S. 39,** página 767; *Misión Industrial v. Junta de Planificación,* ___ D.P.R. ___ (1997), **97 J.T.S. 34,** página 728. La revisión judicial es limitada. Sólo determina si la agencia actuó arbitraria o ilegalmente, o en forma tan irrazonable que abusó de su discreción. A tenor con esta norma de deferencia, los tribunales no alteran las determinaciones de hechos de los organismos administrativos si del expediente administrativo surge evidencia sustancial que las sostenga, Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. Sección 2175; *Rodrigo v. Tribunal Superior,* 101 D.P.R. 151, 154 (1973); *Facultad para las Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior,* ___ D.P.R. ___ (1993), **93 J.T.S. 88,** página 10783.

El propósito de la regla de evidencia sustancial, aplicable a las determinaciones de hechos de las agencias administrativas, es *"evitar la sustitución del criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor"*, *López v. Junta de Planificación,* 80 D.P.R. 646, 673 (1958); *Reyes Salcedo v. Policía de Puerto Rico,* ___ D.P.R. ___ (1997), **97 J.T.S. 58,** página 959. Según nuestro Tribunal Supremo lo ha definido anteriormente, evidencia sustancial *"es aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión"*, *Hilton Hotels v. Junta Salario Mínimo,* 74 D.P.R. 670, 687 (1953). Por consiguiente, para convencer al tribunal de que la evidencia utilizada por la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración, *Hilton Hotels v. Junta Salario Mínimo, supra,* página 686; *Metropolitana, S.E. v. Administración de Reglamentos y Permisos, supra,* páginas 767-768; *Associated Insurance Agencies, Inc. v. Comisionado de Seguros,* ___ D.P.R. ___ (1997), **97 J.T.S. 142,** página 332. No obstante, el tribunal debe sostener la resolución de un conflicto probatorio por parte de la agencia, siempre que ésta haya sido apoyada en una base racional, *J.R.T. v. Línea Suprema, Inc.,* 89 D.P.R. 840, 849 (1964).

## III

Luego de analizar todos los documentos en autos, podemos concluir que la resolución recurrida está sustentada por evidencia sustancial contenida en el expediente administrativo que DACO tuvo ante sí. Al emitir la resolución, DACO sopesó los testimonios vertidos en la vista administrativa y dio entero crédito al testimonio de González. A tales efectos, DACO dispuso que:

*"Nos mereció credibilidad el testimonio del querellante de que éste aceptó firmar el contrato sin leerlo detalladamente confiando en que el vendedor honraría la oferta de "trade-in" por él aceptada.*

*La oferta del vendedor de Yiyi Motors, la cual fue aceptada por el querellante (en relación a la suma de $6,000.00 que se le acreditaría por su vehículo así como en cuanto al precio final acordado) generó una obligación de parte de la vendedora querellada que no podía luego eludir.*

*...Quedó demostrado que el vendedor de Yiyi Motors, sin notificar ni brindar al querellante una oportunidad razonable de leer con calma el contrato, procedió unilateralmente a modificar la oferta hecha en relación al "trade-in" rebajándola a una cantidad mucho menor del valor real en el mercado del vehículo entregado en "trade-in" por el querellante. El querellante testificó que de haber sabido que Yiyi Motors sólo le iba a acreditar $1,505.00 por su vehículo, no hubiera otorgado el contrato."* Ver: Resolución recurrida, a las páginas 3 y 4.

Conforme la deferencia judicial que merecen las decisiones de los organismos administrativos, Yiyi Motors debió haber presentado ante este Foro evidencia que refutara las determinaciones de hechos y conclusiones de derecho expuestas en la resolución recurrida. Cabe señalar que los señalamientos ante los tribunales apelativos deben ser sustentados con prueba adecuada. Las meras alegaciones no son suficientes, así como tampoco las conjeturas, *Henríquez v. Consejo Educación Superior*, 120 D.P.R. 194, 210 (1987). Como Yiyi Motors no presentó prueba que demostrara que la evidencia utilizada por DACO para formular las determinaciones de hechos y conclusiones no era sustancial ni que DACO había actuado arbitraria o caprichosamente, procede CONFIRMAR la Resolución recurrida.

**IV**

En virtud de los fundamentos que anteceden, EXPEDIMOS el Auto solicitado y CONFIRMAMOS la Resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General